**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **VALLEY BOYS INC. d/b/a** | § | |
| **VALLEY BOYS ROOFING,** | § | |
| Assignee, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 8:15-cv-149** |
| **v.** | § | |
| | § | **JURY** |
| **ASSURANT, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### ASSURANT INC.'S NOTICE OF REMOVAL

Defendant Assurant, Inc.,[1] ("Assurant" or "Defendant") files this Notice of Removal against Plaintiff Valley Boys Inc. d/b/a Valley Boys Roofing ("Plaintiff") as follows:

#### Commencement and Service

1.     The underlying lawsuit was commenced on March 25, 2015, when Plaintiff filed its Original Petition in the District Court of Douglas County, Nebraska, styled Case No. CI 15-2620, *Valley Boys Inc. d/b/a Valley Boys Roofing v. Assurant, Inc.*[2] Standard Guaranty received service of Plaintiff's Original Petition on March 30, 2015.[3]

2.     A copy of Plaintiff's Praecipe for Summons, Summons, Complaint, Service Return, Applications for Admission Pro Hac Vice, and Orders Granting Applications for

---

[1]  Plaintiff improperly sued Assurant, Inc. for proceeds under an insurance policy issued by Standard Guaranty Insurance Company.  Assurant is not, and has never been an insurance Company.  Assurant has never sold underwritten, issued, or marketed insurance policies in Nebraska or any other state.  Additionally, Assurant does not collect, and never has collected, premiums paid for insurance policies.

[2]  *See* Exhibit A, Original Petition.

[3]  *See* Exhibit D, Service Return.

Admission Pro Hac Vice are attached hereto as Exhibits, pursuant to 28 U.S.C. §1446(a).[4]  No other process, pleading or orders have been served on Assurant.

3.      This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, from which it was ascertained that the case is one which is removable, and is timely filed under 28 U.S.C. § 1446(b).[5]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## Grounds for Removal

4.      Assurant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## Diversity of Citizenship

5.      This is an action with complete diversity of citizenship between Plaintiff and Defendant.

6.      Plaintiff is a Nebraska corporation with its principal place of business in Omaha, Nebraska and is therefore a citizen of the state of Nebraska within the meaning and intent of 28 U.S.C. § 1332.[6]

7.      Defendant Assurant is a Delaware corporation authorized to transact business in Nebraska, whose shares are traded on the New York Stock Exchange under the symbol AIZ, and

---

[4]   *See* Exhibit A, Original Pet.; Exhibit B, Praecipe for Summons; Exhibit C, Summons; Exhibit D, Service Return; Exhibit E, Applications for Admission Pro Hac Vice; Exhibit F, Orders Granting Applications for Admission Pro Hac Vice.
[5]   *See* Exhibit D, Service Return.
[6]   *See* Exhibit A, Original Petition, at ¶ 5.

whose principal place of business is in New York, New York.[7]  Assurant is therefore a citizen of the states of Delaware and New York within the meaning and intent of 28 U.S.C. § 1332.

8.      No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## Amount in Controversy

9.      Plaintiff's Complaint seeks judgment against Assurant in the amount of $86,123.46, plus attorneys' fees and interest.[8]  Accordingly, Plaintiff's claims for economic damages, compensatory damages, interest, and attorney's fees under Neb. Rev. Stat. § 44-359 establish that the total amount in controversy exceeds the jurisdictional limits of this Court.

## Venue

10.     Venue lies in the District of Nebraska pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district.

## Consent to Removal

11.     No Consent to Removal is necessary as Assurant is the only named defendant in this lawsuit.

## Notice

12.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## State Court Pleadings

13.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

---

[7] *See* Exhibit G, Aff. of Jessica M. Olich.
[8] *See* Exhibit A, Original Petition, at ¶ 25.

**Conclusion**

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the District Court of Douglas County, Nebraska,  to this Court.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON, LLP

By: /s/ Jessica L. Wilson
Jessica L. Wilson #24365
Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile:  (713) 337-8850

*Attorney-in-Charge for Defendant Assurant, Inc.*

Of Counsel:

David T. McDowell*
State Bar No. 00791222
Bradley J. Aiken *
State Bar No. 24059361
Justin M. Kornegay*
State Bar No. 24077668
EDISON, MCDOWELL & HETHERINGTON, LLP
Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Facsimile:  (713) 337-8850
*Pro hac vice applications to be submitted*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on April 29, 2015, on the following counsel of record by certified mail, return receipt requested:

Matthew Saathoff
THE SAATHOFF LAW GROUP, PC LLO
14707 California Street, Suite #1
Omaha, Nebraska 68154

/s/  Bradley J. Aiken
_____
        Bradley J. Aiken