# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VALLEY BOYS INC. d/b/a** | § | |
| **VALLEY BOYS ROOFING,** | § | |
| **Assignee,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 8:15-CV-149** |
| | § | |
| **STANDARD GUARANTY INSURANCE** | § | **JURY** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

### STIPULATED PROTECTIVE ORDER

Plaintiff Valley Boys, Inc. d/b/a Valley Boys Roofing and Defendant Standard Guaranty Insurance Company (collectively, the "Parties") recognize that during the course of this litigation ("Litigation") they may be requested to produce or disclose certain documents, or to provide testimony containing confidential, proprietary, commercial and/or financial information. The parties wish to ensure that confidential or proprietary, commercial and/or financial information is appropriately protected during the course of these proceedings.

Accordingly, through their respective undersigned counsel, the Parties have stipulated that the Court enter this Protective Order granting their Joint Motion (#30).

The Court finds good cause to support the entry of this Order.

**IT IS HEREBY STIPULATED THAT:**

1.      This Order applies to all documents, information and discovery material containing confidential, proprietary, commercial and/or financial information including deposition, testimony, admissions and answers to interrogatories, given or taken in this action.

2.      Any Party may designate as "Confidential" any documents or electronically stored information, including writings, drawings, graphs, charts, photographs, phono-records, sound recordings, images, and other data or data compilations in any medium from which information can be obtained, that the Party believes in good faith to contain confidential or proprietary information, trade secrets, or commercial information by marking "Confidential" on the document. In designating information as "Confidential", a party indicates that it believes the

document or electronically stored information is subject to protection under Federal Rule of Civil Procedure 26(c). Information so designated as "Confidential" is referred to in this order as "Confidential Information."

3. This Protective Order shall not protect as Confidential and shall not restrict any party's right to use, disclose, or otherwise deal with any documents or information that:

(a) Is or has substantially become available to the public (other than through breach of this Protective Order);

(b) Was properly in the receiving Party's possession prior to obtaining it from the person producing the document or information and not received pursuant to a confidentiality agreement; or

(c) Otherwise lawfully becomes available to the receiving party without restriction from a third-party who did not acquire it directly or indirectly from the person producing such document or information.

4. Except with the prior written consent of the party (or its counsel) producing the Confidential Information, or except as provided in paragraph 5 below or by further order of the Court, no Confidential Information, or any portion thereof, may be disclosed or furnished to any person. In the event that any designation of Confidential Information is or becomes inconsistent with the terms of this Protective Order, the confidentiality of such materials shall be honored by the Parties until amended by agreement among the Parties or until otherwise determined by the Court in accordance with this Protective Order.

5. Notwithstanding paragraph 4, Confidential Information may be disclosed to the following persons for use solely in connection with this lawsuit:

(a) The Court and its staff;

(b) the Parties and counsel for the Parties who are actively engaged in the conduct of this case; to the partners, associates, secretaries, paralegal assistants and employees of such counsel;

(c) persons shown on the face of the document to have authored or received it;

(d)     court reporters retained to transcribe testimony;

(e)     to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(f)     to any deponent or potential trial witness to the extent reasonably necessary;

(g)     to outside consultants or experts retained solely for the purpose of assisting counsel in this case (including mock jurors, focus group members, copy vendors, e-discovery vendors, or other administrative vendors).

6.      Each person appropriately designated pursuant to paragraphs 5(f) and 5(g) to receive Confidential Information and documents shall execute a "Confidential Acknowledgment" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party. Any potential witness may, without signing a Confidentiality Acknowledgment, be shown or disclosure may be made to such witness of Confidential Information which is already in that witness's possession or which has previously been furnished to such witness by the party which produced said information.  Counsel desiring to disclose Confidential Information shall retain all original Confidentiality Acknowledgments signed by the persons to whom disclosure is to be made and shall tender the same to the Court if any question arises as to a potential breach of a Confidentiality Acknowledgment by any signatory thereto.

7.      Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the Parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as

"Confidential" for a period of 14 days from the date of their production or the date of the Protective Order, whichever is later, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

8. The following provisions apply to depositions, hearings and trial.

(a) A deponent may during his or her deposition be shown, and examined about, Confidential Information only in accordance with the provisions of paragraph 4, above. If a deponent retains a copy or portions of the transcript of his deposition that contains Confidential Information not provided by him or the entities he represents, such deponent shall not disclose any of such information except in accordance with this Order or use such information for purposes other than this Litigation.

(b) At any time during a hearing, deposition or trial, or within fifteen (15) days after receiving a transcription of any hearing, deposition or trial, any Party or its counsel may designate the entire transcription or particular pages of any transcription (and exhibits thereto) as Confidential Information. Confidential Information within any transcript of a hearing, deposition or trial will be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Protected by Protective Order." Until expiration of the fifteen (15) day period, all depositions, hearings and trial testimony will be treated as subject to protection against disclosure under this Order. If no Party, counsel or deponent timely designates any such transcript (and/or exhibits thereto) as confidential, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be maintained under seal separate and apart from the portions and exhibits not so marked. To the extent possible, the court reporter shall segregate into separate transcripts testimony and exhibits designated as confidential, with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript shall have page numbers that correspond to the blank pages in the main transcript.

9. Confidential Information is to be utilized solely for purposes of this Litigation and for no other purpose.

10. A Party shall not be obligated to challenge the propriety of the designation of information as "Confidential" at the time made, and a failure to do so shall not preclude a

subsequent challenge thereto. Any Party may at any time challenge the designation of any information as "Confidential" by written notification to the Party which designated the information as "Confidential". If the designating Party does not satisfactorily change or remove the "Confidential" designation from the challenged information within ten days from receipt of the challenge, the challenging party may file a motion with the Court seeking to change or remove the "Confidential" designation from such information. In the event such a motion is filed, the burdens of proof for determining confidentiality shall be applied as under the Federal Rules of Civil Procedure regarding a motion for the protection of documents as constituting or including trade secrets or proprietary information. In that respect, the Party claiming confidentiality shall bear the initial burden of showing that the documents at issue constitute or include trade secrets or proprietary information that should be protected from general production and disclosure. Any determination regarding confidentiality, relevance and necessity made for purposes of this Protective Order shall not be determinative of any issues raised regarding the relevance and use of evidence at trial, which shall be determined separately as required.

11.     Any Confidential Information that is revealed by or included in any discovery proceeding (whether formal or informal, and whether in the form of depositions, transcripts, or discovery responses) or in any motion, pleadings, affidavits, briefs or other documents submitted to this Court, is be subject to this Order. Documents or testimony designated "Confidential" that are filed with the Court will remain under seal and will be made available only to the Court and counsel for the Parties.

12.     If counsel for the Parties quote or substantially incorporate or disclose Confidential Information in any brief or other paper, they shall conspicuously designate all, or such portion, of the brief or paper "Confidential - Subject to Protective Order" and file it under seal.

13.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto shall be construed as a waiver of any claim or defense in this action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests and, except as expressly provided, shall not relieve any Party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial. Nothing contained in this

Protective Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any Party as an admission by a Party opponent.

14.     The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is: (i) confidential under this Protective Order; (ii) privileged under the attorney-client or other privilege; or (iii) protected from discovery as work product, and no Party or person shall be held to have waived any rights from such inadvertent production.

15.     Upon written request by the Party or person that inadvertently produced documents, the receiving Party shall: (i) return the original and all copies of such documents within ten (10) days of receiving the request; and (ii) shall not use such information for any purpose whatsoever until further agreement of the Court.  Any analyses, memoranda, or notes which the receiving Party generated based upon such information shall be immediately destroyed.  Upon written request by the receiving Party, the Party or person who inadvertently produced such documents shall make them available for *in camera* inspection by the Court in connection with any challenge to the claim of confidentiality or privilege.

16.     Nothing herein shall restrict the Party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as confidential, privileged, or protected by the work product doctrine, or from referring to the fact that the material had been produced.  The inadvertent production of any document or other information in this action shall be without prejudice to any claims that such material is privileged under the attorney client or other privilege, or protected from discovery as work product, and no Party or person shall be held to have waived any rights by such inadvertent production.

17.     Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action.

18.     Nothing herein shall impose any restriction on the use or disclosure by a Party of its own documents or information, including the depositions of the Party and its employees and experts, except to the extent such deposition testimony involves the disclosure of another Party's Confidential Information.

19.     Notwithstanding any other provision of this Order, in the event that any additional person becomes a party or counsel to a Party in this case, such person shall not have access to

Confidential Information until such person has been provided with a copy of this Protective Order and has executed an acknowledgment in the form attached hereto as Exhibit "A."

20.     Upon final termination of this Litigation including without limitation all appeals and writ applications, each Party and other persons subject to the terms of this order shall collect and return to counsel for the producing Party, or destroy, all Confidential Information obtained from the opposing Parties, and all copies and notes made therefrom or summaries thereof except for that information contained in attorney work product or as required by the official ethical guidelines for lawyers. Certification of Compliance with this section must be made within thirty (30) days of receiving any demand for such certification.

21.     The obligations imposed by the Protective Order shall survive the termination of this action.

22.     Information or documents that are also independently obtained from a third party not subject to this confidentiality agreement, or that may be obtained from public records, shall not be considered "confidential" under this agreement.

Dated this 19th day of February 2016.

BY THE COURT:


s/ F.A. Gossett, III
United States Magistrate Judge